JOSEPH C. GETTLER, *p. a.*, *vs.* THE RHODE ISLAND CO.

NOVEMBER 11, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Negligence. Electric Cars. Duty of One Crossing Tracks. Minors.*

A boy, 15 years of age, who alights from a car and proceeds around the rear end upon a parallel track, where he is struck by another car going in the opposite direction, is not in the exercise of due care, there being no evidence that he looked or listened, or took any precautions, to ascertain whether it was safe to go upon the track.

The duty of a passenger, in passing around the rear of a car from which he has alighted, in the direction of parallel tracks upon which cars are running in the opposite direction, is either to wait until the car which operates as an impediment to the exercise of his senses has moved out of the way, or, if he elects to proceed in the rear of the same, to look and listen for an approaching car before venturing upon the tracks. One who takes no precautions is not in the exercise of due care, and the fact of minority is immaterial.

*Swanson* v. *R. R. Co.*, 22 R. I. 122, distinguished.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and overruled.

DUBOIS, C. J. On the twenty-sixth day of March, 1908, the plaintiff, a boy then lacking one month of being fifteen years of

age, who was a pupil at La Salle Academy, near the junction of Fountain street and Broadway, in the city of Providence, left his home, at 81 Arnold avenue, Edgewood, for the purpose of attending said school, and became a passenger in one of the defendant's Broad street cars.  On arriving at the corner of Broad and Byron streets, at about half-past eight o'clock in the morning, the plaintiff alighted from the car at a time when it was either stopped or moving slowly, and forthwith proceeded around the rear end of the car, across the track just vacated by it, upon and over not only the intervening space between that track and another parallel thereto,—the defendant having double tracks for its cars upon that portion of Broad street,— but also upon the other track, where he was immediately struck by another of the defendant's cars and pushed or rolled for a distance of about fifteen feet.  At the trial before a jury in the Superior Court the testimony showed that at the time the plaintiff stepped off the car its front end and the front end of the car by which he was struck were opposite to and passing each other, and that these cars were about thirty feet in length. There was no direct evidence that the plaintiff looked or listened before he went upon the track where he was struck.  As a result of the accident he has no memory of the occurrences of that day or of any other day for a period of two weeks thereafter.

The witnesses who testified for the plaintiff were unable to state whether he looked or listened, and none of them say that he stopped for any purpose before stepping directly in front of the car.  The witnesses testified that the car which struck him was proceeding at the rate of about fifteen miles an hour, but also say that it was stopped in about fifteen feet, or one-half of its length.

At the conclusion of the testimony for the plaintiff the defendant moved for a nonsuit, which was granted by the judge who presided at the trial.  In his consideration of the motion the judge made the following remarks:  "Not considering the negligence of the defendant, I myself don't see how the jury could properly find in favor of the plaintiff in this case on the ground that he was in the exercise of due care.  I don't see

how the jury can reach that conclusion. The Swanson case is most suggestive and shows the plaintiff looked as the car from which he alighted was moving away so he could see. There is nothing shown here except that the boy faced a certain way, so that, had he looked or paid any regard to the railroad under the circumstances to see whether the car was approaching at all, he could have seen. I think it is quite plain that when he reached the point where he could look, he couldn't have gone more than three feet after that according to the testimony. At most, the car wouldn't have been twenty feet away. It doesn't seem to me in this case that there is any question to go to the jury on as to the question of contributory negligence." In our opinion, the motion was properly granted. The case at bar is clearly distinguishable from the case of *Swanson* v. *Union Railroad Company*, 22 R. I. 122. In that case there was testimony that the plaintiff, after getting off the car and before starting to cross the track on which the northbound car was approaching, looked to see whether a car was coming. The claim on the part of the plaintiff in that case was that as the car from which he alighted moved away the angle of vision was sufficiently great to enable him to see far enough along the track in the direction of the approaching car to have seen it in time to have saved himself from injury, but for the negligence of the motorman in running the car at an excessive speed. It was held that on the testimony the question of contributory negligence was for the jury, and that their finding was sustained by the evidence. In the present case there is no evidence that the plaintiff looked or listened, or took any precaution whatever, to ascertain whether or not it was safe to go upon the track, a known place of danger. The duty of pedestrians in cases like the present is well set forth in *Beerman* v. *Union R. R. Co.*, 24 R. I. at p. 285 "A pedestrian using the sidewalk of a city street is not required to exercise so high a degree of care as he would be required to exercise should be attempt to cross from one side of the street to the other; for, then, before crossing, it would be incumbent upon him to glance up and down the street to see that he was not stepping in front of an approach-

ing horse and carriage going at a speed that would cause collision and probable injury. So if the pedestrian was crossing the intersection of a railroad track and a highway at grade, he would be required to look and listen, and if looking and listening, owing to the peculiar surroundings of the place, or other peculiarities like a raging snowstorm, etc., might be ineffectual, then he would be required to *stop*, that he might the better look and listen. As we have hereinbefore stated, the degree of care required depends upon the degree of danger to be apprehended."

(1)     A peculiarity of the time and place that might have rendered looking and listening ineffectual upon the part of the plaintiff was the presence of the car from which he had just alighted, which at rest would tend to obstruct his vision in the direction of the approaching car upon the other track, and which in motion, by its noise, might prevent him from hearing the sounds made by or upon such approaching car. In such circumstances his duty was, either to wait until the car, which operated as an impediment to the exercise of his senses, was moved out of the way, or to proceed with due care in the rear of the same. He elected not to wait, but to proceed in the rear of the car; and therefore it was his duty to look and listen for an approaching car before venturing upon its track. As he took no precautions whatever for his own safety, he was not in the exercise of due care. The fact that he was a minor is of no importance in the circumstances. Even an infant is bound to exercise some care in approaching and passing known places of danger. *Poland v. Union Railroad Company*, 26 R. I. 215.

The plaintiff's exceptions are therefore overruled, and the case is remitted to the Superior Court for judgment on the nonsuit.

*Waterman, Curran & Hunt*, for plaintiff.
*Joseph C. Sweeney, Alonzo R. Williams*, for defendant.